■ In the Matter of MICHAEL SIMMONS, Respondent, v MARVA L. HAMMONS, as Commissioner of the New York City Human Resources Administration, Appellant, et al., Respondent. [633 NYS2d 589] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel the Commissioner of Social Services of the City of New York to provide the petitioner with sufficient emergency assistance to pay his outstanding rent, the Commissioner of Social Services of the City of New York appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated May 11, 1995, which granted the petition and ordered her agency to pay emergency rental assistance of $8,552 on behalf of the petitioner to the respondent landlord.

Ordered that the judgment is modified, on the law, by deleting therefrom the phrase "respondent Hammonds' *[sic]* agency is ordered to pay $8552 (all rent arrears through May 1995) to the respondent Cantor on behalf of the petitioner Simmons," and substituting therefor the phrase "respondent Marva L. Hammons, as Commissioner of Social Services of the City of New York, is ordered to pay the sum of $2,150 to the respondent landlord, J & M Cantor, on behalf of the petitioner"; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petitioner's ap-

plication for emergency rental assistance is not governed by Social Services Law § 350-j (2) (d), which is specifically limited to emergency assistance to families with children (see, Matter of Boyland v Perales, 205 AD2d 759). Since the petitioner is a healthy, single adult, his request for relief falls under the home relief program, which is governed by Social Services Law § 131-a and the regulations of the Department of Social Services. In particular, 18 NYCRR 352.3 (a) provides, "Each social service district must provide a monthly allowance for rent in the amount actually paid, but not in excess of the appropriate maximum [for each] district for each family size". 18 NYCRR 352.3 further provides that the maximum shelter allowance for a family of one in New York City is $215 per month. From the time the petitioner submitted his application for emergency rental assistance in August of 1994, he was entitled to the maximum monthly shelter allowance of $215. However, the petitioner has not established his entitlement to a monthly shelter allowance that exceeds the maximum (see, 18 NYCRR 352.7 [g] [4]). Accordingly, the petitioner is entitled to emergency rental assistance totaling $2,150, which represents $215 per month for the period from August 1994 through May 1995. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.